347 So.2d 51 (1977)
Herbert BAKER et al., Plaintiffs-Appellants,
v.
WHELESS DRILLING COMPANY et al., Defendants-Appellees.
No. 13241.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Dewey W. Corley, Shreveport, for defendants-appellees.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 22, 1977.
*52 BOLIN, Judge.
This is the third suit by former owners of a mineral servitude for damages resulting from loss of the servitude through nonuse. The basis of this suit is the alleged breach of an oil and gas lease by Wheless Drilling Company because of its failure to timely secure signatures to a unitization order resulting in plaintiffs' loss of their mineral rights for ten years nonuse. The trial court found the suit was in contract, sustained a plea of prescription of ten years, and dismissed plaintiffs' suit. Plaintiffs appeal and we affirm.
The factual and legal background of this claim has been set forth in detail by this court in the two previous appeals and by the Louisiana Supreme Court, which granted a writ of certiorari in the first suit.[1] Repetition of those facts is unnecessary to this decision.
We agree with the finding of the trial judge that this action is in contract, for which the applicable prescriptive period is ten years under Louisiana Civil Code Article 3544. The present suit was filed September 21, 1976, six months after the termination of the ten year period.
The question is whether plaintiffs' right to sue for breach of the lease contract prescribed on March 29, 1976, or whether a suit filed by plaintiffs in April 1972 interrupted prescription.
Plaintiffs contend prescription was interrupted in April 1972 by the filing of a suit by Herbert Baker and Gertrude Baker Paynter against Wheless, based on the same assertion contained in the present suit. In the 1972 suit a plea of nonjoinder of indispensable parties, filed by defendant, was sustained and plaintiffs were given thirty days in which to amend and add those necessary parties. Plaintiffs failed to do this and judgment was rendered on August 27, 1975, dismissing that action for nonjoinder of indispensable parties. It was noted that Wheless had acquired the oil and gas lease from Herbert Baker, Mrs. Gertrude Baker Paynter, Mrs. Lucille Baker Walker, and Mrs. Annie Baker Holstead Heard, only two of whom filed the 1972 suit. In the present suit Annie Baker Holstead Heard has been joined as plaintiff and Lucille Baker Walker has been joined as defendant.
Determination of the issue here depends on the interpretation of Louisiana Civil Code Article 3519, providing:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.
Six early cases are cited by plaintiffs in support of their contention that they should receive the benefit of the interruption of prescription occurring from the filing of the 1972 suit.[2] We have examined these cases and find that in five of them there was either an intervention, an amendment, or a second suit filed while the original suit was still viable.
The recent cases dealing with this matter stress the fact that the interruption of prescription continues only if the original suit is still pending, or viable, when the second action or intervention is filed. Levy v. Stelly, 277 So.2d 194 (La.App.4th Cir., 1973, writ refused).
The trial judge examined the rationale of Article 3519 and concluded that by failing to join the necessary parties, as ordered by the court in the 1972 suit, plaintiffs acquiesced in the dismissal of their suit by the court; that, as a consequence, the interruption of prescription must be considered as never having happened.
*53 We find this interpretation of C.C. Article 3519 is correct and in harmony with the decision in Levy v. Stelly, supra.
The judgment is affirmed at appellants' cost.
NOTES
[1] Baker (Mrs. Gertrude Baker Paynter) v. Chevron Oil Co., 245 So.2d 457 (La.App.2d Cir., 1971), affirmed, 260 La. 1143, 258 So.2d 531 (1972); Herbert Baker and Mrs. Gertrude Baker Paynter v. Wheless Drilling Co., 303 So.2d 511 (La.App.2d Cir., 1974, writ refused 1975).
[2] Blanc v. Dupre, 36 La.Ann. 847 (1884); Geisenberger v. Cotton, 116 La. 651, 40 So. 929 (1906); Becnel v. Wagnespack, 40 La.Ann. 109, 3 So. 536 (1888); B. J. Wolf & Sons v. New Orleans Tailor-Made Pants Co., 110 La. 427, 34 So. 590 (1903); Flower v. O'Conner, 17 La. 213 (1841); Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416 (2d Cir., 1931).