418 So.2d 582 (1982)
Mary K. MATTHEWS and Jack Matthews
v.
INSURANCE COMPANY OF NORTH AMERICA, et al.
No. 81-C-1888.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
Steven Lemoine, New Orleans, for plaintiff-applicant.
Steven B. Whitman, Gary Zwain, New Orleans, Edward P. Lobman, Metairie, Johnston & Duplass, Clayton Borne, III, Metairie, Sessions, Fishman, Rosenson, Snellings & Boisfointaine, Walden Michale Hingle, New Orleans, for respondent-defendant.
DENNIS, Justice.
This suit arises out of an automobile accident which occurred on May 7, 1976, when Mrs. Mary Matthews' vehicle was struck by an automobile driven by Joy Hansen, a minor, causing Mrs. Matthews injuries. On April 21, 1977, the Matthews filed suit against Joy Hansen, Mr. Ed C. Hansen, Joy's father, and Insurance Company of North America, alleged to be Mr. Hansen's automobile liability insurer.[1] On November 2, 1979, the plaintiffs filed an amended and supplemental petition naming Allstate Insurance Co., the Matthews' uninsured motorist carrier, as a defendant and alleging alternatively that Joy and Ed Hansen were not insured at the time of the accident. Allstate filed a peremptory exception of prescription on the basis of La.R.S. 9:5629 (Supp.1977), which precludes suits pursuant to uninsured motorist insurance coverage more than two years after the date of the accident in which the plaintiffs sustained injuries.
In an effort to arrive at a fair method of applying the prescriptive period provided by La.R.S. 9:5629 to plaintiffs' claim which arose before the effective date of the statute, the district court utilized the theory of "proportionate prescription" and concluded that plaintiffs' suit against Allstate was timely filed. Pursuant to Allstate's application, the Fourth Circuit Court of Appeal issued a writ of mandamus directing the trial court to vacate its prior judgment and maintain the plea of prescription. We granted writs to consider plaintiffs' claim that their timely suit against Joy and Ed Hansen interrupted prescription as regards Allstate because they are solidary obligors.
In Hoefly v. Government Employees Insurance Co., et al., 418 So.2d 575 (La. 1982) we held that a tortfeasor which causes an automobile accident victim damage and the victim's uninsured motorist carrier are solidary obligors because they are obliged to repair the same damage, neither may plead the benefit of division, *583 and the payment by one exonerates the other as to the obligation owed to the victim. La.C.C. art. 2091. Consequently, an automobile accident victim's timely and properly filed suit against the tortfeasors interrupts prescription as to his uninsured motorist carrier. La.C.C. art. 2097; La.R.S. 9:5801.
In the present case, the Matthews timely filed suit against Joy and Ed Hansen. Because the Hansens and Allstate are solidary obligors for the plaintiffs' benefit, this suit interrupted prescription against Allstate.
For the reasons assigned herein, and more thoroughly in Hoefly v. Government Employees Insurance Co., supra, the judgment of the district court maintaining Allstate's peremptory exception of prescription is vacated and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
CALOGERO, J., dissents and assigns reasons.
I dissent for the same reasons I assigned in Hoefly v. Government Employees Insurance Co., et al., 418 So.2d 575 (La.1982), rendered this date.
MARCUS, J., dissents for reasons assigned in Hoefly v. Government Employee Insurance Company, 418 So.2d 575 (La.1980).
BLANCHE, J., dissents and will assign reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent for reasons assigned in Hoefly & Hoefly v. Government Employees Insurance Co., et al., 418 So.2d 575 (La.1982), rendered June 21,1982.
NOTES
[1] American International Rent-A-Car Corp., the owner of the vehicle driven by Joy and leased to Mr. Hansen, was also named a defendant.