433 So.2d 1061 (1982)
Stanley LaFARGUE
v.
John O. ST. AMANT, Sheriff, et al.
No. 5-73.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
Writ Denied December 10, 1983.
*1062 Stanley A. LaFargue, in pro. per.
Steven F. Griffith, Destrehan, for John O. St. Amant, defendant-appellant.
Emile R. St. Pierre, Destrehan, for St. Charles Herald, defendant-appellant.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
CHEHARDY, Judge.
The defendants, John O. St. Amant and the St. Charles Herald, appeal from a judgment denying their exception of prescription to the plaintiff's tort suit. Because the denial of an exception is not ordinarily an appealable judgment, this court issued ex proprio motu an order to show cause why the appeal should not be dismissed. Upon a showing of exceptional circumstances by defendants, justifying accelerated determination of the matter of prescription, this court agreed to hear the appeal on that issue. We affirm, for the reasons assigned below.
Plaintiff, Stanley LaFargue, filed suit against St. Amant, as sheriff of St. Charles Parish, and the St. Charles Herald newspaper in state court on September 2, 1980, alleging negligence in performance of their statutory duties beginning on or about May 4, 1979. Defendants filed exceptions of prescription on the ground that more than one year had passed since the date of the alleged tortious acts.
The plaintiff's defense to the exception is that prescription had been interrupted by the filing of a prior suit in federal district court on October 1, 1979 which was timely served on defendants, so that prescription was interrupted pursuant to LSA-R.S. 9:5801. That statute provides,
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
The trial judge agreed with the plaintiff and denied the exception.
On appeal, defendants argue the federal suit was not a valid interruption to prescription because it was dismissed for lack of subject matter jurisdiction on June 5, 1980. Plaintiff's state court suit was not filed until three months after the dismissal of the federal case. Defendants cite Baker v. Wheless Drilling Co., 347 So.2d 51 (La. App. 2d Cir.1977), which held that interruption of prescription continues only if the original suit is still pending or viable when the second action of intervention is filed.
The Baker rule is inapplicable to the matter before us, because it involved an interpretation of LSA-C.C. Art. 3519 rather than R.S. 9:5801. Thus, Baker's holding that interruption continues only if the original suit is still pending when the second action is filed applies only when that original suit is voluntarily dismissed or abandoned by the plaintiff.
*1063 When a suit is dismissed for reasons other than the plaintiff's voluntary dismissal, abandonment or failure to prosecute the suit, interruption of prescription is determined according to R.S. 9:5801. In the instant case, the dismissal of the federal case was not attributable to the plaintiff. The suit was filed in an incompetent court, but prescription was interrupted by service of the defendants pursuant to R.S. 9:5801.
The only remaining question is whether prescription subsequently accrued during the three month delay between the dismissal of the federal suit and the filing of the state suit. There is some confusion in the development of the jurisprudence as to what "interruption" comprises. Some cases hold that the new prescriptive period does not begin to run until the suit causing the interruption is finally concluded. See McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632 (1936); Allstate v. Theriot, 376 So.2d 950 (La.1979); Kreher v. T. L. James & Company, Inc., 274 So.2d 734 (La.App. 4th Cir.1973); Spring v. Barr, 9 La.App. 732, 120 So. 256 (1st Cir.1929). Other cases hold that the new prescriptive period begins running immediately after the first suit is filed, e.g., Guidry v. Theriot, 377 So.2d 319 (La.1979). For a discussion of this apparent confusion see Holden v. Placid Oil Co., 494 F.Supp. 292 (E.D.La.1980).
Under either interpretation of "interruption", however, LaFargue's suit was timely. Since LaFargue's state suit was filed within one year of both the date the federal suit was filed and the date it was dismissed, the state suit had not prescribed.
Even if the interruption only worked a suspension of prescription during the pendency of the first suit, plaintiff's suit would still be timely. The federal suit was filed five months after the date of the alleged tort; the state suit was filed three months after the date the suspension of prescription would be considered to have ended. This is a total of eight months, which is well within the one year period of limitation.
Because we affirm on this basis, it is unnecessary to discuss plaintiff's allegations of continuing tort, his alternative defense to prescription.
For the reasons assigned, the judgment denying defendants' exception of prescription is affirmed and the case is remanded for further proceedings on the merits. Defendants-appellants are to pay all costs of this appeal.
AFFIRMED AND REMANDED.