428 So.2d 817 (1982)
Mary Joan Wilkes KELLY, Individually and on Behalf of her Minor Child, Patricia Lynn KELLY
v.
Terry A. TEMPLET and XYZ Insurance Company.
No. 15119.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
On Rehearing February 22, 1983.
Writ Denied April 15, 1983.
Stuart R. Thomson, Baton Rouge, for plaintiffs-appellants Mary Joan Wilkes Kelly, (individually) and on Behalf of her Minor Child, Patricia Lynn Kelly.
*818 Richard B. Nevils, Baton Rouge, for defendants-appellees Terry A. Templet and Southeastern Fidelity Ins. Co.
Daniel R. Atkinson, Baton Rouge, for defendant-appellee Allstate Ins. Co.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
Plaintiff, Mary Joan Wilkes Kelly, individually and on behalf of her minor child, Patricia Lynn Kelly, filed suit against Allstate Insurance Company, alleging uninsured motorists coverage in connection with an automobile-pedestrian accident occurring June 10, 1978. From judgment of the trial court maintaining the peremptory exception of prescription raised by Allstate, plaintiff has appealed.

FACTS
This suit arose when Patricia Lynn Kelly, while attempting to walk across Perkins Road in East Baton Rouge Parish, was struck by a vehicle driven by Terry A. Templet. The accident occurred June 10, 1978, and suit was filed against Templet and "XYZ Insurance Company," an unknown insurer, on June 11, 1979. The suit was answered by Templet and Southeastern Fidelity Insurance Company. Allstate, plaintiff's uninsured motorists carrier, was made a party defendant by supplemental and amending petition on November 4, 1980. Allstate filed the peremptory exception of prescription, arguing that plaintiff's claim for UM coverage had prescribed after June 10, 1980, according to La.R.S. 9:5629, which was enacted as Act 444 of 1977 by the legislature, and which became effective July 1, 1978. The trial court sustained the exception of prescription and dismissed plaintiff's suit at her cost.

SPECIFICATION OF ERROR
Plaintiff-appellant contends that the trial court erred in sustaining the peremptory exception of prescription, when such ruling was based on a statute that did not take effect until after plaintiff's cause of action had vested. We pretermit discussion of plaintiff's assignment of error, finding that the suit against Allstate has not prescribed. Recently, in Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982); and Matthews v. Insurance Company of North America 418 So.2d 582 (La.1982) our Supreme Court stated that an uninsured tortfeasor and a UM carrier are bound in solido to the tort victim, up to the limits of UM coverage. Accordingly, the court held that a suit filed timely against the tortfeasor interrupted prescription as to the UM carrier, under La.R.S. 9:5801 and La.Civ.Code art. 2097.
In the case sub judice, the accident occurred on June 10, 1978. The suit against Templet was filed on June 11, 1979. However, June 10, 1979, the last day for filing a tort action,[1] was a Sunday. La.Code Civ.P. art. 5059 states that if the last day of a period of time prescribed by law is a legal holiday, the period runs until the end of the next day which is not a legal holiday. All Sundays are legal holidays for purposes of La.Code Civ.P. art. 5059.[2] We therefore find that the suit against Templet filed Monday, June 11, 1979, was timely, and according to Hoefly and Matthews, supra, served to interrupt prescription as to Allstate. Thus, the exception of prescription raised by Allstate cannot be sustained.
Therefore, for the above and foregoing reasons, the judgment of the trial court sustaining the peremptory exception of prescription in favor of Allstate Insurance Company is hereby reversed, and the cause remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendant-appellee Allstate Insurance Company.
REVERSED AND REMANDED.

ON REHEARING
We granted a rehearing to consider the application of La.C.C. art. 3519, which provides:

*819 "If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened."
Though La.C.C. art. 3519 is found in the acquisitive prescriptive section of the Civil Code, it is applicable to liberative prescription. La.C.C. art. 3551.
The facts are set out in our original opinion. If Article 3519 is applicable, then the suit filed on June 11, 1979, against Templet, and subsequently voluntarily dismissed with prejudice on March 23, 1981, was as if it had never been filed. Thus, the supplemental and amending petition filed on November 4, 1980, would be the first petition filed, and untimely.
Our brother circuits in Baker v. Wheless Drilling Co., 347 So.2d 51 (La.App. 2nd Cir. 1977); Sears v. Parkchester Apartments, Inc., 338 So.2d 753 (La.App. 4th Cir.1976); Franklin v. Insurance Company of North America, 284 So.2d 158 (La.App. 3rd Cir. 1973), writ denied 286 So.2d 366 (1973); and Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir.1973), writ denied 279 So.2d 203 (1973) have consistently held that La.C.C. art. 3519 applies prospectively to suits filed after the plaintiff abandons, voluntarily dismisses or fails to prosecute his demand. Additionally, where the subsequent suit or amending and supplemental petition is filed prior to the abandonment, voluntary dismissal or failure to prosecute the original demand, the interruption provided by the first suit is still viable at the time of the second filing. Thus La.C.C. art. 3519 is not applicable.
Therefore, for the above and foregoing reasons, we adhere to our original opinion at defendant-appellee's costs.
REVERSED AND REMANDED.
NOTES
[1] See La.Civ.Code art. 3536.
[2] See La.R.S. 1:55(E).