Angela Kaye GUIDRY,
Plaintiff–Appellant,

v.

Glen BROUSSARD, et al.,
Defendants–Appellees.

No. 89–4172.

United States Court of Appeals,
Fifth Circuit.

March 27, 1990.
Rehearing and Rehearing En Banc
Denied April 25, 1990.

Larry L. Crain, Brentwood, Tenn., John W. Whitehead, Manassas, Va., William Charles Bundren, Dallas, Tex., for plaintiff-appellant.

Lester A. Robertson, Gernine M. Mailhes, A. Lane Plauche, James R. Nieset, Plauche, Smith & Nieset, Lake Charles, La., for defendants-appellees.

Jeremy S. Garber, New York City, N.Y., for American Jewish Congress.

Before HIGGINBOTHAM, SMITH, and DUHE, Circuit Judges.

PER CURIAM:

Angela Kaye Guidry filed this 42 U.S.C. § 1983 suit against the Calcasieu Parish School Board and Sam Houston High School officials after school officials rejected the valedictory speech she planned to give at the school's graduation ceremony, alleging that school officials interfered

with her first amendment free speech rights. She also asserted pendent state law claims. Although Guidry originally sought declaratory relief and money damages, she later confined her requested relief to money damages. The parties consented to try the case before the magistrate with appeal directly to this court. After discovery Guidry and the Board moved for summary judgment. The magistrate granted the Board's motion and dismissed Guidry's suit. The magistrate concluded that school officials were compelled to censor Guidry's speech by the establishment clause, reasoning that allowing Guidry to give her valedictory address would have the primary effect of advancing religion.

■ Defendants also moved for summary judgment upon nonconstitutional grounds. All except Sylvia Seals, a school counselor, were sued only in their official capacity and argued that the specific decision to not allow Guidry's speech was not a product of Board policy. It is well settled that local governmental entities are only liable under § 1983 for acts of local officials pursuant to official government policy. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). There must have been execution of government policy either by the lawmaker, here the Board, or by a person "whose edicts or acts may fairly be said to represent official policy." A single decision by a local official is official policy only when the official has final policy making authority under state law. *Pembaur v. Cincinnati*, 475 U.S. 469, 478, 106 S.Ct. 1292, 1297, 89 L.Ed.2d 452 (1986); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

■ We are persuaded that the summary judgment record is clear and that there was no relevant policy or custom sufficient to impose money damages upon the school board for any constitutional wrong. The Board's written policy explicitly defined a level of administration authorized to implement board policy; that statement did not reach the level of the school principal. The school principal testified in his deposition that he had reviewed past valedictory speeches, but never had occasion to censor them. There is nothing to suggest that the decision here was anything more than a first encounter with the problem or to otherwise suggest that the Board was aware of the decision concerning Guidry or was aware that the school principal had reviewed proposed addresses in the past. In short, Guidry has demonstrated at best an episodic decision by a school principal that is insufficiently tied to Board policy to impose liability upon the Board.

■ The sole remaining claim was against the school counselor in her individual capacity, and rested, at least in the main, upon state law. This pendent claim was properly dismissed as an exercise of discretion. Guidry's complaint against Sylvia Seals in her individual capacity arguably can be read, however, to include her constitutional claim. We do not pause over this uncertainty. The reality is that, assuming a constitutional violation, no claim for money damages was stated given Sylvia Seals' plain qualified immunity. The legal uncertainty surrounding these important issues makes it plain that Sylvia Seals at the least enjoyed an immunity from the sole relief sought from her, money damages.

■ In sum, we are persuaded that summary judgment should be affirmed on the alternative grounds discussed above without reaching the difficult constitutional issues.[1] If we were not to do so and found that Guidry's constitutional rights were violated, we would remand the case for a trial that would ultimately reach precisely the conclusion we now reach—Guidry cannot recover money damages for any deprivation. These issues are too important to

---

1. We note that affirming summary judgment on alternative grounds is fully within our power. *Liberty Glass Co. v. Allstate Ins. Co.*, 607 F.2d 135, 138 (5th Cir.1979). Further, in this case there is no unfairness to Guidry since the alternative grounds we rely on were presented below.

be decided in cases in which they are not determinative.

AFFIRMED.