595 So.2d 371 (1992)
Caleb S. MARTIN, Plaintiff-Appellant,
v.
FRANKLIN STATE BANK & TRUST CO., et al., Defendants-Appellees.
No. 23277-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
Writs Denied April 10 and May 1, 1992.
*372 Kidd & Culpepper by Paul Henry Kidd, Sr., Monroe, for plaintiff-appellant.
Davenport, Files & Kelly by Mike C. Sanders, Monroe, Singer, Boothe & Dean by Samuel T. Singer, Winnsboro, Theus, Grisham, Davis & Leigh by C. Wendell Manning, for defendants-appellees.
Before LINDSAY, BROWN and STEWART, JJ.
STEWART, Judge.
Plaintiff-appellant, Caleb S. Martin, timely filed suit in federal court alleging that various banks, in response to a court order, had divulged private information concerning his finances without giving him the notice required by LSA-R.S. 6:333. More than one year after the alleged violations, Martin filed suit in state court raising claims identical to those in the federal complaint. The following day he voluntarily dismissed the federal court suit.[1] The defendants then filed an exception of prescription in the state court alleging that the state court action had prescribed pursuant to the provisions of LSA-C.C. Arts. 3492 and 3463. The court granted the exception of prescription and dismissed the suit. Martin now appeals.
The issue before this court is whether a second suit, filed prior to a voluntary dismissal of the original suit on the same cause of action, is timely because the original suit's interruption of prescription was still viable when the second suit was filed. Answering this question affirmatively, we reverse the trial court's granting of the exception of prescription.

INTERRUPTION OF PRESCRIPTION
Prescription is interrupted when a plaintiff files suit in a court of competent jurisdiction within the prescriptive period, or when suit is filed in a court of incompetent jurisdiction or venue and the defendant is served with process within the prescriptive period. LSA-C.C. Art. 3462. A "court of competent jurisdiction" is one which has jurisdiction over the subject matter and is the proper venue for the proceeding. LSA-C.C.P. Art. 5251(4). As such, when Martin filed suit in federal court, prescription on his tort action was interrupted. That case was still pending when the state court suit was filed; therefore, the state suit was filed timely.
This court must determine the effect of plaintiff's voluntary dismissal of the federal court suit on the timeliness of the state court suit. The provisions of LSA-C.C. Art. 3463 state:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.
The defendant banks contend that, under the provisions of this article, a dismissal of a suit causes any suit filed during its pendency and after the prescriptive period to become prescribed. Such is neither the intent of the statute nor the holding of prior jurisprudence.
The statutory comments to LSA-C.C. Art. 3463 specifically provide:
(f) Issues of interruption of prescription are determined as of the time of filing of the suit sought to be dismissed, not as of the time of filing the exception based upon prescription. Article 3519 of the Louisiana Civil Code of 1870 has been held to apply prospectively to suits filed after a plaintiff abandons, voluntarily dismisses, or fails to prosecute his demand. Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir.1973).
In Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir.1973), application denied, 279 So.2d 203 (La.1973), the plaintiff timely filed suit *373 on his tort action in Jefferson Parish. More than one year after the accident, the plaintiff filed suit in the federal district court. Later, the Jefferson Parish suit was transferred to Orleans Parish. The plaintiff sought an indefinite continuance in the state court action, which was denied; therefore, that suit was dismissed without prejudice. Later still, the plaintiff filed another petition in state court. The defendant argued that the dismissal of the first state court suit acted to nullify the interruption which that suit had provided. Therefore, by the defendant's reasoning, the federal court action was prescribed. Because the federal court suit had not been filed within the prescriptive period, it arguably could not serve to interrupt prescription for the final state court suit.
The Levy court held that the first state court suit interrupted prescription on the federal suit. The federal court suit continued that interruption. Because there was a viable suit pending when the final state court action was filed, that final suit benefited from the previous interruptions and was timely. In so holding the Levy court reasoned:
The purpose of [Article 3519] is to prohibit the plaintiff from voluntarily dismissing his suit on a cause of action and later filing a second suit on the same cause of action. By taking away the benefit of the original interruption, the article prevents the plaintiff from claiming that a new prescriptive period commenced when he dismissed the suit which had previously interrupted prescription. The basic purpose of prescriptionto provide legal stabilityis thus fulfilled.
But in the case where a second suit is filed prior to abandonment, voluntary dismissal or failure to prosecute the original demand, the interruption provided by the first suit is still viable at the time of the filing of the second suit, and the interruption remains viable after the dismissal because of the pendency of the second suit.
In the case presently before this court, there was never a time after the one-year prescriptive period had run that there was not a suit pending against these defendants. A suit which was not prescribed when filed cannot later become prescribed by the subsequent dismissal of a previous suit on the same cause of action.
The appellees argue that the cases cited by the appellant all apply to former Article 3519, and not to Article 3463. However, the revision comments to Article 3463 note that the new code article does not change the law. Despite the appellees' contentions, the two statutes are very similar. Only the actual choice of words differs; the meaning of the statutes has remained the same. In pertinent part, former Article 3519 provided:
If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as having never happened.
Article 3463 provides in part:
Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.
Any difference between the statutes is merely one of word choice and not one of content. Jurisprudence concerning old Article 3519 will apply to Article 3463.
Appellees also argue that the only cases which have cited Levy have done so by contrast. In support of this contention they point out Baker v. Wheless Drilling Company, 347 So.2d 51 (La.App.2d Cir. 1977) and Kelly v. Templet, 428 So.2d 817 (La.App. 1st Cir.1982), writ denied, 433 So.2d 152 (La.1983). However, Baker did not follow the Levy rationale because it was not needed. In that case, the original suit was not filed until six months after the prescriptive period; therefore, prescription was never interrupted and Article 3519 was not relevant. In Kelly, on rehearing, the court cited Levy approvingly and agreed with its holding. The Kelly court noted that its brother circuits had consistently held that Article 3519 applied prospectively to suits filed after the plaintiff abandons, voluntarily dismisses, or fails to prosecute his suit.
Appellees concede that the facts of Levy and the instant case are indistinguishable. *374 Appellees further acknowledge that they received notice of plaintiff's judicially asserted claim when the first suit was filed. They claim that good public policy would not allow a plaintiff to indiscriminately file suits and dismiss them, as such would allow forum-shopping. Initially, we observe that prescriptive laws primarily are concerned with preventing stale claims and with providing legal stabilitynot with forum shopping. More importantly, we observe that when the Supreme Court denied writs in Levy it stated that the court of appeal was correct. The Supreme Court cited the Levy holding as part of its explanation of the theory of continuous interruption of tort prescription in Louviere v. Shell Oil Co., 440 So.2d 93, 97 (La.1983) footnote 9. We find the Levy rationale to be controlling in the instant case. Accordingly, we decline to depart from established jurisprudence.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the peremptory exception of prescription in favor of Franklin State Bank and Trust and Winnsboro State Bank is reversed, and the cause remanded to the trial court for further proceedings. Costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.
NOTES
[1] In the trial court's written reasons for judgment on the peremptory exception of prescription, the trial judge mistakenly notes that the state court suit was filed after the voluntary dismissal.