1KLIEBERT, Chief Judge.
Plaintiff, Murphy Alio,' appeals the dismissal of his suit by the granting of defendants’ peremptory exception of prescription. For the following reasons, we reverse and remand.
Alio had been employed as a school bus driver with the Jefferson Parish School Board since 1977. On August 26, 1985, he was suspended without pay because the Board learned he had been arrested and charged with obscenity, a violation of LSA-R.S. 14:106, in June of 1985. He was subsequently convicted of attempted obscenity.[1] Plaintiff was subsequently, as mandated by statute (LSA-R.S. 17:493), noticed by the Board Superintendent of his right to a termination hearing before the full Board. Plaintiff timely requested a hearing by two correspondences, dated August 26, 1986 and October 13, 1986.
Pending the resolution of the criminal matter, Mr. Allo’s wife continued to operate the school bus. However, in January of 1987, Mr. Allo’s bus route was eliminated by a consolidation of routes.
|2On April 17, 1989, pursuant to LSA-R.S. 17:493, and Mr. Allo’s request, a closed hearing was held. On May 10, 1989, the School Board voted to uphold the Superintendent’s recommendation that Mr. Allo’s employment be terminated. Mr. Alio was notified of this decision by certified mail the following day.
On March 30, 1990, Mr. Alio filed suit in the United States District Court for the Eastern District of Louisiana alleging several violations of his civil and constitutional rights [42 U.S.C. Sections 1981, 1983, 1985(3), 1986, and the First, Fourth, Ninth, and Fourteenth Amendments] and pendent state law claims regarding his suspension and termination.
While that action was pending in the federal court, plaintiff, on April 9, 1991, filed suit in the Twenty-fourth Judicial District Court for breach of agreement, tort, and civil rights damages. This state court suit cited the same defendants as in the federal suit and the allegations were almost identical to the federal suit.
On July 16, 1990 the district court dismissed with prejudice Mr. Allo’s claim under 42 U.S.C. Section 1985 for failure to state a claim under which relief could be granted. On July 10, 1991, in a lengthy memorandum and order, the federal district court dis *1050 missed Mr. AIlo’s remaining federal claims, finding that they failed to state a claim, and were barred by applicable Louisiana prescription. On July 15,1991, the district court entered judgment against Mr. Alio, dismissing his action in its entirety. However, the court dismissed the pendent state claims without prejudice. Mr. Alio appealed this dismissal, which was subsequently affirmed. Allo v. Jefferson Parish-School Board, et al., 959 F.2d 967 (5th Cir.1992).
On April 19, 1993, the Twenty-fourth Judicial District Court signed an order dismissing with prejudice all claims in the state court action (filed April 9, 1991) brought pursuant to 42 U.S.C. Sections 1981, 1983, 1985(3), 1986, and the First, Fourth, Ninth and Fourteenth Amendments. Thus, the | «only allegations remaining before the court were those which concerned the School Board’s alleged breach of the plaintiffs employment contract, removal of his bus route, and termination of his operational funds for the route.
Plaintiff filed a motion for partial summary judgment, which was denied on May 14,1993. Trial on the merits was set for June 4, 1993. On June 3, defendants filed a Peremptory Exception of Prescription, which was heard on June 4, 1993. The trial court sustained the exception by judgment dated June 16, 1993. Plaintiff filed a motion for New Trial, which was denied. Plaintiff timely appealed the June 16, 1993 judgment.
On appeal, plaintiff contends that the federal court action, filed within one year from the date of his administrative hearing, interrupted prescription so that his state court suit, filed more than one year from the hearing, but during the pendency of the federal court suit, was timely. Defendants argue that federal court was not a court of competent jurisdiction for the state law claims and therefore prescription was not interrupted, because the record contains no evidence regarding the date of service upon defendants of the federal action.
The procedures for the removal of school bus operators are found in LSA-R.S. 17:493[2]. That statute provides a two-jstepa *1051 process; suspension without pay pending an investigation and a subsequent termination hearing on the same charges. Section “C” of the statute provides that: “Such operator may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter.” LSA-R.S. 17:493 does not provide an administrative appeal.
Prescription is interrupted when the plaintiff files suit in a court of competent jurisdiction within the prescriptive period, or when suit is filed in a court of incompetent jurisdiction or venue and the defendant is served with process within the prescriptive period. LSA-C.C. Article 3462. Martin v. Franklin State Bank & Trust, 595 So.2d 371 (La.App.2d Cir.1992) writs denied, 596 So.2d 213 and 597 So.2d 1036 (La.1992).
isWe disagree with defendants’ contentions that the federal district court was not a court of competent jurisdiction. Counsel for defendants argues that the federal-court, in its memorandum and order of July 10, 1991, found that it did not have subject matter jurisdiction of the pendent state law claims, and dismissed them without prejudice. While we note that this representation is true, defendants have missed an essential element of the concept of pendent jurisdiction.
When we determine whether the federal court was a court of competent jurisdiction, we must look to the entire petition that plaintiff filed, not merely the state law claims alone. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff did not file his state law claims in federal court independently. They were found in the same petition that alleged significant federal question claims; namely, constitutional violations of plaintiffs civil rights. The concept of pendent jurisdiction (now supplemental jurisdiction[3]) allows a plaintiff to join state law claims to any civil action over which the federal court has original jurisdiction, if the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. Gibbs, supra.
The federal district court dismissed plaintiffs federal claims for failure to state a claim upon which relief could be granted and prescription. Whether a federal court has jurisdiction to decide a ease and whether plaintiff has a cause of action under a federal statute are two distinct inquiries that are addressed separately. Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344 (5th Cir.1985). Failure to present an adequate claim under the civil rights statute does not strip the court of jurisdiction unless the claim is clearly immaterial, frivolous, and wholly insubstantial. Id. at 1347. Quoting Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Daigle court said: “Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, their dismissal of the case would be on the merits, not for want of jurisdiction.” Daigle at 1347.
In the instant case, Judge Arcen-eaux dismissed plaintiffs federal claims on the merits, not for want of subject matter jurisdiction. Therefore, the federal court was one of competent jurisdiction. The dismissal of the state law claims without prejudice does not affect this finding. Under pendent jurisdiction a federal court has discretion to dismiss pendent state law claims once the federal claims have been dismissed. Guidry v. Broussard, 897 F.2d 181 (5th Cir. *1052 1990); Taylor v. Shell Offshore, Inc., 700 F.Supp. 314 (M.D. La.1988). Such dismissal does not negate the court’s original finding of jurisdiction over the entire case or controversy. Thus, the trial court erred when it found the federal court was not a court of competent jurisdiction.
The scenario in Martin, supra, is very similar to the instant case. The Martin plaintiff filed a delictual action in federal court within the one year prescriptive period. While his federal suit was pending, but more than one year after the alleged tort, he filed an identical suit in state court. The day after, he voluntarily dismissed his federal suit. The Court of Appeal found that because the first suit was timely, it interrupted prescription on the state court suit. The subsequent voluntary dismissal did not defeat the interruption.
In Mr. Allo’s two suits (federal and state) the defendants are identical. None of the defendants alleges any lack of notice or prejudice with regard to defending the state |7law suit. Mr. Alio filed his state law suit during the pendency of his federal suit. The federal suit was timely filed under LSA-R.S. 17:493 and was in a court of competent jurisdiction. Therefore, plaintiffs state court suit has not prescribed. Accordingly, we reverse the trial court’s grant of defendants’ peremptory exception of prescription, and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

. This Court affirmed his conviction. See State v. Allo, 510 So.2d 14 (La.App. 5th Cir.1987) writs denied, 514 So.2d 1174 (La.1987) and 527 So.2d 976 (La.1987).

. LSA-R.S. 17:493 provides as follows:
A. A permanent school bus operator shall not be removed from his position except upon written and signed charges of willful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and then only if found guilty after a hearing by the school board of the parish or city in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.
B. All hearings hereunder shall be private or public, at the option of the operator affected thereby. At least twenty days in advance of the date of the hearing the superintendent, with approval of the school board, shall furnish the affected operator a copy of the written grounds on which said abolition, discontinuance, or consolidation of routes is sought. The operator affected shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the operator. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
C.If a permanent school bus operator is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in a safe, comfortable, and practical operating condition, or of being a member of or contributing to any group, organization, movement, or corporation that is prohibited by law or injunction from operating in the state, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the school bus operator a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason, offense, or instance upon which the recommendation is based. Such operator may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board in the matter. If the finding of the school board is reversed by the court and the operator is ordered reinstated and restored to duty, the operator shall be entitled to full pay for any loss of time or salary he may have sustained by reason of the action of the said school board.
*1051 D. In the event that one or more school bus operators must be removed due to the abolition, discontinuance, or consolidation of routes, the principle of seniority shall apply, so that the last school bus operator hired to serve within the school system to be affected shall be the first to be removed.

. Pendent jurisdiction was codified in 28 U.S.C. Section 1367.