747 So.2d 1251 (1999)
SUCCESSION OF Irma Jones TOMPKINS.
No. 32,405-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*1252 Luster, Conine & Brunson by John Clifton Conine, Natchitoches, Counsel for Plaintiff-Appellant, John Clifton Conine, Trustee.
James M. Johnson, Minden, Counsel for Defendant-Appellee, Aura Lea Tompkins Saintignan.
Simon, Fitzgerald, Cooke, Reed & Welch by Keith M. Welch, Shreveport, Counsel for Defendant-Appellee, Deborah Tompkins Newman and the Trust for Hoyt Lester Tompkins, III.
Hoyt L. Tompkins, Jr., In Proper Person.
Before WILLIAMS, STEWART and DREW, JJ.
DREW, J.
John Clifton Conine, the trustee of the Bankruptcy Estate of Hoyt L. Tompkins, Jr. and Bess S. Tompkins, appeals a judgment granting exceptions of prescription and dismissing his petition to reduce donations impinging on the legitime.
We reverse.

FACTS
Irma Jones Tompkins ("decedent") died testate on October 10, 1990. She was survived by her daughter Aura Lea Tompkins Saintignan ("Saintignan") and son Hoyt L. Tompkins, Jr. ("Hoyt"). Hoyt has two children, Deborah Tompkins Newman ("Newman") and Hoyt Lester Tompkins, III.
Decedent executed a will on February 23, 1988. She bequeathed one-half of her estate to Saintignan, forgave the repayment of $50,000 she had loaned to Hoyt and bequeathed the remainder of her estate in trust to Newman and Hoyt Tompkins, III. The trust was to continue for a beneficiary until that beneficiary reached the age of 30.
Decedent executed a codicil on April 18, 1988, stating that in the event she made a donation to Hoyt and/or his wife, she bequeathed *1253 to Saintignan a sum sufficient to equalize the donation.
A petition for probate of decedent's will was marked as filed on May 4, 1992. The will was probated on May 1, 1992. Saintignan was placed in possession of $50,000 and one-half of the remainder of the estate. Newman and the trust of Hoyt L. Tompkins, III ("Trust") were each placed in possession of one-quarter of the remainder of the estate. Hoyt was appointed as trustee of his son's trust.

PROCEDURAL HISTORY
Hoyt and his wife Bess S. Tompkins filed for Chapter 7 bankruptcy on March 30, 1994. On May 3, 1995, Conine filed a complaint in the bankruptcy proceeding against Saintignan, Newman, Hoyt and the Trust. The complaint alleged that Hoyt has a one-half interest in his mother's estate, and that Hoyt "failed to exercise his rights in and to the succession property under state law, and such failure to exercise those rights increased the debtor's insolvency." Motions to dismiss and to abstain were filed in July 1995 by Hoyt, individually and as trustee, Saintignan, Newman, and the Trust.
On September 1, 1995, U.S. Bankruptcy Judge Stephen Callaway entered an order stating that: (i) the causes of action asserted by Conine in the bankruptcy proceeding, including but not limited to the right to seek annulment of decedent's testament, were property of the Tompkins' bankruptcy estate; (ii) the motions to dismiss were granted with respect to Conine's action for turnover [11 U.S.C. § 542] and simulation action [11 U.S.C. § 544(b)]; (iii) the motions to dismiss were denied with respect to Conine's revocatory action under La. C.C. art. 2036; (iv) the court abstained from hearing Conine's revocatory action; and (v) the court abstained from hearing all other causes of action brought by Conine in the bankruptcy proceeding.
On January 25, 1996, Conine filed into the succession record a "Motion to Reopen Succession and Rule to Show Cause Why Testament Should Not Be Annulled." Conine contended that the decedent's testament and codicil should be annulled for violating the holding in Succession of Lauga, 624 So.2d 1156 (La.1993).
Saintignan filed the peremptory exception of no cause of action on June 10, 1996. Saintignan contended that while Succession of Lauga gives the heirs of decedent certain rights under former La. C.C. art. 1493 to seek to enforce their respective legitimes, the decision does not declare the will null and void.
Hoyt, Newman and the Trust also filed an exception of no cause of action on June 10, 1996. Conine eventually consented to dismissal of his rule, which was dismissed by order of the court on April 6, 1998. On this same date, Conine filed in the succession proceeding a "Petition to Reduce Distribution That Impinges on Legitime."
On July 10, 1998, Hoyt, Newman and the Trust filed a peremptory exception of prescription in response to the petition to reduce. Saintignan filed the peremptory exception of prescription on August 10, 1998. Judgment granting the exceptions of prescription and dismissing the petition was rendered in open court during an August 10, 1998 hearing on the exceptions.

DISCUSSION
An action for the reduction of an excessive donation is subject to a liberative prescription of five years. La. C.C. art. 3497. Prescription applicable to a suit to reduce a donation mortis causa begins to run from the date the will is filed for probate. In re Andrus, 221 La. 996, 60 So.2d 899 (La.1952); Kilpatrick v. Kilpatrick, 625 So.2d 222 (La.App.2d Cir.1993), writ denied, 93-2655 (La.1/7/94), 631 So.2d 445. The petition to probate was marked as filed on May 4, 1992, although the testament was actually probated three days earlier on May 1, 1992. Thus, prescription on the petition to reduce an excessive donation commenced running on May 4, 1992. Unless prescription had been interrupted, suspended or acknowledged, the petition to reduce, filed nearly six years *1254 later, was untimely. For the following reasons, we hold that the January 1996 motion and rule to show cause interrupted prescription on the petition to reduce.
Prescription is interrupted when an obligee commences action against an obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. We note that La. C.C. art. 3463 provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
Conine consented to the dismissal of his rule to show cause, which according to the second sentence of Article 3463, would mean that interruption would be considered never to have occurred. However, interruption of prescription continues if the original suit is still pending or viable when the second action or intervention is filed. Martin v. Franklin State Bank & Trust Co., 595 So.2d 371 (La.App. 2d Cir. 1992), writs denied, 596 So.2d 213 (La. 1992) and 597 So.2d 1036 (La.1992); Kelly v. Templet, 428 So.2d 817 (La.App. 1st Cir.1982), writ denied, 433 So.2d 152 (La. 1983).
The petition to reduce was filed on April 6, 1998. On that same date, the trial court signed an order dismissing the rule to show cause. This order states:
IT IS FURTHER ORDERED that the Succession remain open pending a determination of the "Petition to Reduce Distribution That Impinges on Legitime" filed by John Clifton Conine, Trustee.
According to this order, the petition to reduce had been filed by the time the rule was dismissed, not that the petition was going to be filed at a future date. Therefore, by the clear language of the order, the rule to show cause was still pending when the petition to reduce was filed. We further note that in his response to the July 10, 1998 exception of prescription, Conine stated that the order was "submitted simultaneously" with the petition to reduce.
Liberative prescription statutes, intended to protect defendants from prejudice in preparing and conducting defenses, are strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Bouterie v. Crane, 616 So.2d 657 (La.1993); Parker v. Southern American Ins. Co., 590 So.2d 55 (La.1991).
"The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and the loss or non-preservation of relevant proof." Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268.
When a defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted. Nini v. Sanford Bros., Inc., 276 So.2d 262 (La.1973). "[T]he essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved." Id. Our emphasis.
The mere fact that Conine, instead of filing a petition to reduce, initially filed a "Rule to Show Cause Why Testament Should Not Be Annulled" is of no consequence in our analysis of whether Conine's reduction action has prescribed. The supreme court has stated:
Whether a petition sets forth a cause of action is irrelevant to the issue of interruption of prescription. A civil action is "commenced by the filing of a pleading presenting the demand...." La. C.C.P. art. 421. Therefore, if what is filed can be classified as a "pleading presenting the demand," prescription will be interrupted whether or not the original pleading sets forth a cause of action.
*1255 Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128 (La.1988).
Conine's rule to show cause was a pleading presenting a demand. Conine contended in his rule that the decedent's testament and codicil should be annulled for violating the holding in Succession of Lauga, 624 So.2d 1156 (La.1993). Conine further argued that Hoyt is entitled to share in the forced portion, or one-half, of his mother's estate. Paragraph 6 of Conine's rule states:
The forced portion of Irma Jones Tompkins' legitime is ½ of her estate. The law of forced heirship entitles Hoyt L. Tompkins, Jr., as the son of Irma Jones Tompkins, to share in the forced portion of his mother's legitime. Irma Jones Tompkins's Last Will and Testament, along with the codicil, do not bequeath any part of her patrimony to her son. Consequently, the probated testament must be annulled because it is an unlawful and invalid attempt to avoid the constitutionally mandated requirements of forced heirship.
Compare the language used in Conine's federal complaint, that Hoyt "failed to exercise his rights in and to the succession property under state law, and such failure to exercise those rights increased the debtor's insolvency." The rule to show cause is specific about exactly which rights Hoyt had in his mother's succession that Conine claimed Hoyt failed to exercise.
While Conine never used the phrase "reduction of donations" in his rule to show cause, the relief he is seeking therein is clear. The response filed by Saintignan reflects this. In her exception of no cause of action, she points out that the "proper procedure for any person or entity seeking to enforce the legitime of Hoyt L. Tompkins, Jr. is to file a petition to reduce the legacies made to the other legatees[.]" Our emphasis.
In the memorandum attached to her exception of no cause of action, Saintignan is equally explicit about the pleading which Conine should file. We reproduce the relevant portions of this exception with our emphasis on specific references to a petition to reduce:
The issue of the right of the Mover to enforce the legitime rights of Hoyt L. Tompkins, Jr. is not presently before the Court. There are no pleadings seeking a reduction of the legacies of Deborah Tompkins Newman and The Trust For Hoyt Lester Tompkins, III to enforce the legitime of Hoyt L. Tompkins, Jr....

Succession of Lauga, 624 So.2d 1156 (La.1993) does not per se render the last will and testament of the late Irma Jones Tompkins invalid. Lauga, supra, merely restored the forced heirship rights of Hoyt L. Tompkins, Jr. to his mother's succession property. The question of whether the testament impinged on the legitime rights of Hoyt L. Tompkins, Jr. can be properly brought before the Court in a petition to reduce the legacies of his children, Deborah Tompkins Newman and The Trust For Hoyt Lester Tompkins, III and to enforce his rights of legitime....
The instant testament is valid and the real issue is whether or not in the distribution of the property of Irma Jones Tompkins, Hoyt Lester Tompkins, Jr. had not received at least one-fourth of her estate (his forced portion) either under the terms of the will, by previous donations inter vivos or by other means used in the distribution of her estate. This is a matter which must be tried by ordinary proceedings. No such relief has ever been sought in these proceedings for such impingement of the legitime rights of Hoyt L. Tompkins, Jr.
Defendants received notice through the rule to show cause that Conine was contending that the donations mortis causa impinged upon the legitime. Notice to the defendant of legal proceedings on a claim interrupts prescription. Montiville v. City of Westwego, 592 So.2d 390 (La. 1992). This rule to show cause interrupted prescription on the action to reduce.
*1256 We further note that 11 USC § 108 provides an extension of time in which a bankruptcy trustee may initiate legal actions. The trustee is allowed to bring an action before the later of the end of the prescriptive period or two years after the order for relief. In this case, the two years from the order of relief was less than the applicable prescriptive period.

DECREE
At appellees' cost, the judgment is REVERSED and the case REMANDED to the trial court for further proceedings consistent with this opinion.