United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-40661
Summary Calendar

JERRY DON SCOTT,

Plaintiff-Appellant,

versus

LINDA WILEY, Et Al.,

Defendants,

LINDA WILEY, Correctional Officer 3;
JIM SLAUGHTER, Physicians Assistant,

Defendants-Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-73
-----------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM*

Jerry Don Scott, Texas prisoner # 509300, appeals from the district court's grant of summary

judgment in favor of defendants Jim Slaughter and Linda Wiley. Scott filed a civil rights complaint

pursuant to 42 U.S.C. § 1983 alleging that several defendants were deliberately indifferent to his

---

*Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

medical needs. Scott has abandoned issues relating to the dismissal of his claims against the remaining defendants by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Medical care claims are cognizable under § 1983 when prison officials are deliberately indifferent to a prisoner's serious medical needs. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). However, unsuccessful medical treatment, acts of negligence, or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see also Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Scott argues that Slaughter was deliberately indifferent to his serious medical needs by deleting his medical restrictions without examining his knee and by failing to refer him to a medical specialist. The record reveals that Slaughter, a physician's assistant, deleted Scott's medical restrictions after treating him for an ankle injury. It further shows that Slaughter examined Scott on several occasions, prescribed crutches and other forms of treatment, issued passes relieving Scott from work assignments, and recommended further evaluation, including x-rays. The evidence, and Scott's arguments, amount to no more than disagreement with his medical treatment, or mere negligence on the part of Slaughter, claims not actionable under 42 U.S.C. § 1983. See Varnado, 920 F.2d at 321.

Scott argues that Wiley was deliberately indifferent to his serious medical needs by refusing to allow him to use crutches on a walk to the shower after he presented a pass authorizing their use. However, because the evidence and Scott's arguments show that the validity of the pass was not readily apparent from its face, Wiley was not deliberately indifferent for refusing to honor it. Further,

in view of Scott's voluntary decision to proceed to the shower without aid of crutches, Wiley's disregard of Scott's professed need for the crutches amounts to nothing more than negligence. See Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994); see also Guidry v. Broussard, 897 F.2d 181, 182 n.1 (5th Cir. 1990) (noting that this court may affirm summary judgment on alternate grounds).

The judgment of the district court is AFFIRMED.