# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 08-804


ANTONIO J. VELAZQUEZ, ET AL.

VERSUS

LANDCOAST INSULATION, INC.


**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109988-D
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE
**********

# CHRIS J. ROY[1]
# JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Judges.


**AFFIRMED IN PART; REVERSED IN PART.**


**Burton Enoch Cestia, Jr.**
**Burton & Cestia**
**P. O. Box 10337**
**New Iberia, LA 70562-0337**
**(337) 365-6628**
**Counsel for Plaintiffs/Appellants:**
    **Antonio J. Velazquez**
    **Nina Lynn-Jetton Velazquez**

---

[1]Judge Chris J. Roy, Sr. appointed judge pro tempore of the Court of Appeal, Third Circuit.

**Andrew Ryan**
**Diamond, McCarthy, LLP**
**1201 Elm St., Suite 3400**
**Dallas, TX 75270**
**(214) 389-5300**
**Counsel for Plaintiffs/Appellants:**
    **Antonio J. Velazquez**
    **Nina Lynn-Jetton Velazquez**

**Nora Montgomery Stelly**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**Counsel for Defendant/Appellee:**
    **Landcoast Insulation, Inc.**

**ROY, Judge (pro tempore)**.

Plaintiffs, Antonio J. Velazquez and Nina Lynn-Jetton Velazquez, individually and as the natural tutors of Laney Mae Velazquez, appeal the trial court's decision granting the exceptions of res judicata and prescription filed by defendant/appellee, Landcoast Insulation, Inc., f/k/a Imacco Insulation, Inc.[2] For the following reasons, we affirm in part and reverse in part.

## FACTS

The facts giving rise to this lawsuit remain very much at issue in this action. The details are not set out here because they are not material to the issues at hand.

The lawsuit arises out of Velazquez's former employment with Landcoast. Velazquez had once served as the Chief Financial Officer of the company, but was demoted to another accounting-related position. On April 29, 2005, Landcoast terminated Velazquez's employment without notice, allegedly for cause. Although Velazquez represented to Landcoast that he had returned all company property, Landcoast allegedly had reason to believe Velazquez retained some of its company information and/or items. Based on this belief, Landcoast asked the Iberia Parish Sheriff's Department to conduct an investigation. On May 16, 2005, the IPSO executed a search warrant at Velazquez's home.

## PROCEDURAL HISTORY

Velazquez filed suit in the United States District Court on February 1, 2006, alleging a claim under the False Claims Act (31 U.S.C. § 3730(h)), civil rights violations under 42 U.S.C. § 1983, violations of the Fourth and Fifth Amendments of the U.S. Constitution, and a variety of state law claims. In response, Landcoast

---

[2]We refer to the plaintiffs/appellants collectively as "Velazquez."

1

filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c); the motion was denied on September 18, 2006. Landcoast then filed a motion for summary judgment on February 12, 2007.

Meanwhile, Velazquez filed suit in the 16th Judicial District Court for Iberia Parish on May 11, 2006, alleging a claim under La.R.S. 23:967 (the "whistle blower" statute), along with the federal claims, constitutional violations, and state law claims listed in his federal court complaint. Landcoast filed exceptions of lis pendens, prescription, and no cause of action. Velazquez filed a motion to voluntarily dismiss the state court suit, without prejudice, on October 6, 2006.

While that motion for voluntary dismissal without prejudice was pending in the state court, the federal court granted the motion for summary judgment as to the federal claims on March 22, 2007. Declining pendent jurisdiction, the federal court dismissed the state law claims without prejudice.

Shortly after the federal court's decision, on May 24, 2007, the state trial court signed the order to voluntarily dismiss the state court claims without prejudice. After the denial of a motion to reinstate the state court action, Velazquez filed a second lawsuit in the 16th Judicial District Court on June 19, 2007; this suit was virtually identical to the earlier-filed state court action, which had been voluntarily dismissed without prejudice.

Landcoast responded with exceptions of res judicata and prescription. The trial court granted those exceptions on November 9, 2007. Velazquez now appeals that ruling.

2

## ASSIGNMENTS OF ERROR

Velazquez alleges four grounds of error:

1) The trial court erred by applying the state law of res judicata to Velazquez's federal lawsuit;

2) The trial court erroneously granted the exception of res judicata because, under federal law, a dismissal without prejudice does not prohibit the refiling of claims in state court;

3) The trial court erred by granting the exception of prescription because:

   a) the timely filed federal court suit interrupted prescription;

   b) interruption continued until dismissal of the federal court suit on March 22, 2007;

   c) the federal court's dismissal without prejudice began a new one-year prescriptive period in which Velazquez could bring a new lawsuit in state court; and

   d) Velazquez's second lawsuit in state court commenced within one year of the federal court's dismissal without prejudice.

4) The trial court erred in denying the motion for reconsideration of the order granting the exceptions.

## STANDARD OF REVIEW

The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties. *State ex rel. Sabine River Auth. v. Meyer & Assocs. Inc.*, 07-214 (La.App. 3 Cir. 10/3/07), 967 So.2d 585. Likewise, the manifest error rule controls appellate review of an exception of prescription. *Bell v. Am. Intern. Group*, 06-1242 (La.App. 3 Cir. 2/7/07), 950 So.2d 164.

## DISCUSSION

First, it is necessary to identify the scope of this appeal. The second-filed state court action, the subject of this appeal, alleged a violation of La.R.S. 23:967;

3

violation of the Fourth and Fifth Amendments to the U.S. Constitution; and various state law claims, including false imprisonment, invasion of privacy, libel and slander, battery, assault, trespass, conversion of chattels, and any other type of emotional distress. Landcoast's exceptions, granted by the trial court, argue that res judicata bars the constitutional claims and the claim under La.R.S. 23:967, and that the claim under La.R.S. 23:967 was prescribed.

Landcoast has filed no objection, and the trial court has made no ruling, addressing any of Velazquez's remaining state court claims, which remain pending, intact, and viable. Thus, this appeal deals only with the constitutional claims and the claim under La.R.S. 23:967.

Res Judicata

Velazquez correctly argues that the federal law of res judicata applies here. When a state court addresses whether the decision of a federal court exercising federal question jurisdiction has a preclusive effect on a state court claim, the federal law of res judicata must be applied. *Terrebonne Fuel & Lube v. Placid Refining Co.*, 95-0654, 95-0671 (La. 1/16/96), 666 So.2d 624, *on remand*, 93-2364 (La.App. 4 Cir. 10/2/96), 681 So.2d 1292, *writ denied,* 96-2625 (La. 12/13/96), 692 So.2d 1066. Res judicata applies in federal law when: 1) both cases involve the same parties; 2) a court of competent jurisdiction rendered the prior judgment; 3) the prior decision was a final judgment; and 4) both cases involve the same cause of action. *Id.*

Velazquez, in his reply brief to this court, acknowledges that his claim under the False Claims Act and his civil rights claims are barred by res judicata and cannot be revived in this state court proceeding. However, the federal court's ruling on Landcoast's motion for summary judgment dismissed not only Velazquez's False

4

Claims Act and civil rights claims, but also his Fourth and Fifth Amendment claims.

The federal court action and the state court lawsuit involved in this appeal both involve the same parties. The federal court had jurisdiction to render the ruling on the motion for summary judgment. The federal court's ruling was a final judgment on the Fourth and Fifth Amendment claims. The same cause of action is at issue in both the federal and state court claims. Thus, res judicata applies to bar Velazquez's state court claim for Fourth and Fifth Amendment violations. Accordingly, we affirm that portion of the trial court's ruling.

Velazquez's federal court action also alleged certain state court claims. The federal court specifically declined to assert pendent jurisdiction over those state law claims. The claim under La.R.S. 23:967, however, was not alleged in the federal court action. Landcoast argues the La.R.S. 23:967 claim is barred by res judicata because it was never alleged until the first state court action. Res judicata, Landcoast argues, acts as an absolute bar not only to the claims Velazquez alleged in federal court, "but also to every ground of recovery that might have been presented." *Nagle v. Lee*, 807 F.2d 435, 439 (5th Cir. 1987), *quoting Stevenson v. Int'l Paper Co.,* 516 F.2d 103, 108-09 (5th Cir. 1975).

Under some circumstances, Landcoast's argument would have merit. However, when the federal court having jurisdiction would clearly decline to exercise it over a state law claim as a matter of discretion, res judicata does not apply to a state law claim not alleged in an earlier federal court action. *Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993).

Here, the federal question claims and the state law claims derived from a common nucleus of operative fact, and Velazquez could fairly be expected to try them

in the same judicial proceeding. Thus, the federal court could have exercised pendent jurisdiction over the state law claims. *Id.* However, it declined to do so, and dismissed those state law claims without prejudice. Had the La.R.S. 23:967 claim been alleged in the federal court, that court undoubtedly would have declined to exercise jurisdiction over it, just as it declined the exercise of jurisdiction over all the other state law claims derived from the same nucleus of operative facts as the federal law claims. Thus, res judicata does not apply to bar Velazquez's claim under La.R.S. La.R.S. 23:967. To the extent the trial court considered res judicata to bar this claim, we reverse that portion of the trial court's ruling.

Prescription

Having found the La. R.S. 23:967 claim is not barred by res judicata, we now consider whether it is prescribed. Without question, the timely filing of the federal court lawsuit interrupted prescription on all the state law claims it alleged. La.Civ.Code art. 3463. Indeed, the parties do not dispute this; Landcoast specifically acknowledges in its appellee brief that "specific state tort claims survived the federal court judgment" and "have yet to be addressed on the merits by any court."

Velazquez concedes in his brief that his claim under La.R.S. 23:967 accrued on April 29, 2005. His federal court lawsuit was filed February 1, 2006. It alleged no claim under La.R.S. 23:967. In fact, the La.R.S. 23:967 claim was not alleged until May 11, 2006, in the first state court action, more than one year from the date of accrual of Velazquez's cause of action. The violation of the statute was realleged in the second state court action, the subject of this appeal, filed June 19, 2007, even farther from the date of accrual of the cause of action.

Prescription, however, is interrupted by the commencement of an action in a

6

court of competent jurisdiction and venue. La.Civ.Code art. 3462. Interruption continues throughout the pendency of that action. La.Civ.Code art. 3463. Prescriptive statutes are construed liberally, in favor of the obligation sought to be extinguished. *Succession of Tompkins*, 32-405 (La.App. 2 Cir. 12/8/99), 747 So.2d 1251. When the filing of a petition places a defendant on notice that legal demands are being made against it because of an occurrence described in the petition, prescription is interrupted, even when the petition fails to state a cause of action. *Id.*; *Batson v. Cherokee Beach and Campgrounds*, 530 So.2d 1128 (La.1988).

Here, Velazquez timely filed a petition in federal court. That petition interrupted prescription against all the claims arising out of the cause of action described in it. Both the False Claims Act and La.R.S. 23:967 are commonly known as "whistleblower statutes." The False Claims Act, 31 U.S.C. § 3730(h), requires a showing that the employer "presented or caused to be presented to an agent of the United States a claim for payment," the claim was false or fraudulent, and the employee knew of the falsity or fraud. *Young-Montenay, Inc. v. United States*, 15 F.3d 1040, 1043 (Fed. Cir. 1994). In contrast, a La.R.S. 23:967 claim requires an employee to show reprisal because of his actual or threatened disclosure of the employer's violation of state law. La.R.S. 23:967(A). As discussed above, the federal court's dismissal of the federal "whistleblower" claim had no res judicata effect on the state claim; the two claims are not the same.

The filing of the federal court action interrupted prescription as to all claims. That interruption continued until the federal court declined to exercise jurisdiction over the state court claims on March 22, 2007. When the federal court dismissed those claims without prejudice, prescription began to run anew. La.Civ.Code art.

7

3466.

Landcoast argues Velazquez's first state court lawsuit, filed on May 11, 2006 and voluntarily dismissed without prejudice on May 24, 2007, mandates a finding that his La.R.S. 23:967 claim is prescribed. Although the dismissal of that first state court action did away with Velazquez's La.R.S. 23:967 claim, the dismissal was without prejudice. When Velazquez refiled his La.R.S. 23:967 claim in the second state court action on June 19, 2007, he realleged the voluntarily dismissed claims within the new prescriptive period that began with the federal court's dismissal on March 22, 2007. Thus, the La.R.S. 23:967 claim was timely filed. Accordingly, we reverse that portion of the trial court's ruling that grants Landcoast's exception of prescription.

Motion to Reconsider

Although Velazquez's brief lists the trial court's denial of the motion to reconsider as an assignment of error, Velazquez failed to brief that issue. Uniform Rules—Courts of Appeal, Rule 2-12.4 requires all specifications or assignments of error to be briefed. Where a party advances no argument whatsoever for one of his alleged specific assignments of error, the court may consider that assignment of error abandoned. *Id.; Smith v. Morris & Dickson*, 05-1120 (La.App. 3 Cir. 3/1/06), 924 So.2d 1217. Thus, because Velazquez failed to brief the alleged error of denying the motion for reconsideration, it is deemed abandoned. Because of our ruling on the issues of res judicata and prescription, however, this issue is moot.

**CONCLUSION**

Velazquez's federal claims under the Fourth and Fifth Amendments are barred in this action by res judicata; they were previously dismissed, with prejudice, by the federal court, and cannot be relitigated here. His state law claim under La.R.S.

8

23:967, while not barred by res judicata, is timely because it was alleged within one year of the federal court's dismissal without prejudice. The remaining state law claims for false imprisonment, invasion of privacy, libel and slander, battery, assault, trespass, conversion of chattels, and any other type of emotional distress have not been made the subject of any trial court proceeding, and they remain viable.

To the extent the trial court dismissed Velazquez's Fourth and Fifth Amendment claims on grounds of res judicata, we affirm that decision. To the extent the trial court also dismissed Velazquez's claim under La.R.S. 23:967 on grounds of res judicata, we reverse that decision. We also reverse the trial court's ruling on prescription, and find Velazquez's claim under La.R.S. 23:967 timely. We do not consider the denial of Velazquez's motion to reconsider, as that issue was abandoned on appeal. Costs of this appeal are assessed against defendant, Landcoast Insulation, Inc.

**AFFIRMED IN PART, REVERSED IN PART.**

9