PETTIGREW, J.
|2In this action alleging negligence, plaintiff challenges a trial court judgment sustaining a peremptory exception filed on behalf of defendants raising the objection of prescription and dismissing, with prejudice, plaintiffs claims. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Adrian liles, and Katherine Sturgill divorced in 2007. They were awarded joint custody of their minor son, A.I., with Katherine designated as domiciliary parent. On November 4, 2011, A.I., who was nine years old at the time, was injured while on a school field trip to the Louisiana State Capital in East Baton Rouge Parish. On January 4, 2012, Katherine filed suit against defendants, the Roman Catholic Church of the Diocese of Baton Rouge and Catholic Mutual Group, a/k/a Catholic Mutual Relief Society of America (“Diocese”), and the State of Louisiana, through the Division of Administration (“State”), on behalf of A.I. for his damages. She amended the suit to add a loss of consortium claim on her own behalf. However, Adrian did not file suit until April 12, 2013, against the same defendants, seeking his own claim for loss of consortium damages.
In response to Adrian’s petition, the Diocese filed a peremptory exception raising the objection of prescription.[1] The Diocese argued that a claim for loss of consortium damages pursuant to La. Civ. Code arts. 2315 and 2315.2 was delictual in nature and subject to a one year liberative prescriptive period pursuant to La. Civ. Code art. 3492.[2] The Diocese argued that prescription was evident on the face of Adrian’s petition and that Adrian could not meet his burden of establishing that his claim was filed timely. Noting that Katherine’s petition was a pleading filed in a separate suit, the Diocese ^maintained that Katherine’s timely filed petition was irrelevant to the issues before the court and could not interrupt the running of prescription for the claims Adrian asserted in his petition. The matter proceeded to hearing on March 3, 2014. After hearing arguments and reviewing the evidence submitted the trial court sustained the Diocese’s exception and dismissed Adrian’s claim with prejudice. In oral reasons for judgment, the trial court made the following findings:
After careful review, the court hereby finds that the claim for loss of consortium is a claim for damages, and as such is a delictual action subject to a libera-tive one-year prescriptive period. Additionally, a claim for loss of consortium is a separate cause of action from that of *648 the primary victim. Furthermore, the claim for loss of consortium is not an assertion of the victim’s cause of action; therefore, it would have to stand to reason that the claim for the loss of consortium does not relate back to the original claim of the victim.
On the face of the instant petition, the plaintiffs claim has prescribed. Furthermore, the claims asserted by [A.I.’s] mother, Katherine Sturgill, are still pending in a wholly separate suit and does not reference Adrian Ules. The State could not have known via the petition and amended petitions filed by Ms. Sturgill that the plaintiff in this matter possibly had a claim for damages arising out of the incident which occurred on November 4th, 2011. The claim for loss of consortium is separate from that of the victim, and the court finds it does not relate back to this suit filed on behalf of [A.I.],
A judgment in accordance with these findings was signed on March 11, 2014. It is from this judgment that Adrian has appealed, arguing that the trial court erred in sustaining the Diocese’s exception raising the objection of prescription.
STANDARD OF REVIEW
A trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Marin v. Exxon Mobil Corp., 2009-2368, p. 11 (La.10/19/10), 48 So.3d 234, 244-245; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, 617 So.2d at 882-883.
^PRESCRIPTION
At the trial of a peremptory exception, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. La. Code Civ. P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. Kirby v. Field, 2004-1898, p. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 2005-2467 (La.3/24/06), 925 So.2d 1230.
The plea of prescription must be specifically pleaded and may not be supplied by the court. La. Code Civ. Proc. art. 927(B). Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 2009-2632, p. 7 (La.7/6/10), 45 So.3d 991, 998; Quality Gas Products, Inc. v. Bank One Corp., 2003-1859, p. 4 (La.App. 1 Cir. 6/25/04), 885 So.2d 1179, 1181. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Carter v. Haygood, 2004-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267.
DISCUSSION
On appeal, Adrian cites Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983), as support for his position that his claims and Katherine’s claims are based on the same cause of action for the negligence of the Diocese, and, thus, the timely filed petition by Katherine interrupted the prescriptive period for his claims. He further asserts that Katherine’s suit against the Diocese put them on notice that “a loss of consortium claim was being made by one parent and surely a subsequent claim for loss of consortium should be expected from the other parent.” Adrian argues finally that his and Katherine’s claims for loss of con *649 sortium are the same. He maintains that the “close connexity [sic] in relationship between [Katherine] and [him] and the identity of interest as a result of their claims for loss of consortium are sufficient to satisfy the test set forth by the Louisiana Supreme Court to interrupt the prescriptive period.” We find no merit to Adrian’s arguments on appeal.
|Jn Louviere, the Louisiana Supreme Court held that when several parties share a single cause of action, suit by one interrupts prescription as to all. Louviere, 440 So.2d at 96. However, the Louviere court did not stop there, adding:
[W]hen a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action. See Guidry v. Theriot, 377 So.2d 319 (La.1979), in which this court held that because the wrongful death and survival actions are based on two separate and distinct causes of action, a timely survival action does not interrupt prescription as to the wrongful death claim.

Id.

This court has previously held that a “claim for loss of consortium is, beyond question, a cause of action separate from any claim of the primary victim.” Allemand v. Discovery Homes, Inc., 2009-1565, p. 7 (La.App. 1 Cir. 5/28/10), 38 So.3d 1183, 1187. Adrian’s claim for loss of consortium was a separate and different cause of action than that filed by Katherine. Accordingly, Katherine’s suit could not serve to interrupt prescription as to Adrian’s cause of action.
After a thorough review of the evidence and applicable law, we find the record demonstrates that the decision of the trial court was not manifestly erroneous. We are satisfied that a reasonable factual basis exists for the trial court’s finding that Adrian’s suit was prescribed. The trial court did not err in granting the Diocese’s exception raising the objection of prescription and dismissing Adrian’s claim with prejudice.
DECREE
For the foregoing reasons, the trial court’s March 11, 2014 judgment is affirmed. All costs associated with this appeal are assessed against plaintiff-appellant, Adrian Ules.
AFFIRMED.

. According to the record, the State filed a similar exception raising the objection of prescription to Adrian's petition. In a judgment signed August 30, 2013, the trial court sustained the State's exception and dismissed Adrian’s claims against the State with prejudice.

. Louisiana Civil Code article 3492 provides as follows with regard to delictual actions: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.”