# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2023

Lyle W. Cayce
Clerk

No. 21-30658

RANDALL KLING,

*Plaintiff—Appellant*,

*versus*

TROY HEBERT; ERNEST P. LEGIER, JR., *in his Official Capacity as the Commissioner of the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-671

Before STEWART, DENNIS, and HIGGINSON, *Circuit Judges*.

JAMES L. DENNIS, *Circuit Judge*:

After prevailing in state court on claims that he was fired in retaliation for exercising his state constitutional right to freedom of expression, Randall Kling filed a federal suit alleging the same set of facts but asserting for the first time a First Amendment claim. The district court dismissed Kling's suit, finding that the defendants' factual attack showed that the only remedy not barred by sovereign immunity was impossible to grant, and that Kling's claim was prescribed. On appeal, Kling contends that a factual attack on a district

No. 21-30658

court's subject matter jurisdiction is improper at the pleadings stage, and that his state lawsuit interrupted prescription on his newly asserted federal claim because both rely on the same set of operative facts. He urges reversal.

We conclude that the district court did not err in dismissing Kling's official capacity claims as barred by sovereign immunity and accordingly affirm that ruling in the district court's decision. However, because there are no clear controlling precedents from the Louisiana Supreme Court as to whether prescription on Kling's federal claim was interrupted by his state action, we certify the relevant question to that court.

## I.  Facts and Procedural History

In 2011, Kling was fired from his position as "Captain in charge" of the Licensing and Certification Division of the Louisiana Office of Alcohol and Tobacco Control (ATC). Kling filed a lawsuit in the 19th Judicial District Court in Baton Rouge, alleging that he was fired in retaliation for submitting written complaints describing various workplace and ethics violations committed by then-Assistant Secretary of the ATC, Troy Hebert. Kling's petition named the Louisiana Department of Revenue, which includes the ATC, as the sole defendant and asserted a single claim of violation of Louisiana's constitutional right to free expression. LA. CONST. art. 1 § 7. He did not allege any federal claims. Kling's case went to trial, and a jury awarded him compensatory damages and lost wages. Kling filed a motion for a new trial seeking the additional remedy of reinstatement, which the trial court "denied on showing made." On appeal, the Louisiana First Circuit Court of Appeal reversed the lost wages portion of Kling's judgment. The Louisiana Supreme Court denied Kling's application for a writ of certiorari.

After the First Circuit partially reversed the jury judgment, Kling filed a complaint in federal district court asserting the same set of facts and seeking declaratory relief, damages (including lost wages), and reinstatement for

2

No. 21-30658

violations of his First and Fourteenth Amendment rights. Kling named the Commissioner of the ATC in her official capacity[1] and Troy Hebert in his individual capacity as defendants. The Commissioner filed a Rule 12(b)(1) motion to dismiss, arguing that reinstatement was impossible and attaching evidence that Kling's former position no longer existed, that Kling had let his professional license needed for a comparable position lapse, and that Kling had moved to Texas. Without the prospective injunctive remedy of reinstatement, Kling's claims did not fall within *Ex parte Young*'s exception to the Commissioner's sovereign immunity. Hebert also filed a motion to dismiss, arguing that Kling's First Amendment claim had prescribed in 2012, more than seven years before he filed his federal suit. The district court granted both motions. Kling timely appealed.

## II. Standard of Review

"This Court evaluates *de novo* the district court's grant of Appellee's Rules 12(b)(1) and 12(b)(6) motion for dismissal applying the same standard used by the district court." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In a 12(b)(1) factual attack, the district court's resolution of disputed jurisdictional facts is reviewed for clear error. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020).

## III.   Discussion

### A. Sovereign Immunity

Kling sued the Commissioner in her official capacity which, in a § 1983 action, is no different than suing the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Louisiana has not waived sovereign immunity from suit in federal court, *see* La. R.S. 13:5106, claims for

---

[1] Juana Marie Lombard was the Commissioner at the time Kling filed his complaint. After the district court entered its ruling, Ernest Legier Jr. replaced Lombard.

3

relief that do not fall within *Ex parte Young*'s exception for remedies of ongoing constitutional violations—that is, claims for damages—are typically barred. In cases where someone has been fired in retaliation for exercising his First Amendment rights, reinstatement is the kind of prospective injunctive relief that *Ex parte Young* allows against an otherwise immune sovereign. *Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019).

Sovereign immunity "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). As such, a defendant may attack the factual basis for the applicability of *Ex parte Young* through a Rule 12(b)(1) motion, which permits factual challenges to a federal court's jurisdiction. *Ramming*, 281 F.3d at 161. Unlike a Rule 12(b)(6) motion which is confined to evaluating the pleadings, a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Savings & Loan Assoc.*, 549 F.2d 884, 891 (3rd Cir. 1977). When a defendant makes a factual attack, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Here, the Commissioner mounted a factual attack on the feasibility of Kling's reinstatement, the only remedy, Kling conceded, that was not barred by sovereign immunity. To support this attack, the Commissioner submitted evidence showing that: (1) Kling's former position within the ATC was

abolished; (2) Kling allowed the professional license necessary for a comparable agent position—his POST certification—to lapse; and (3) Kling had moved to Texas and was no longer a resident of Louisiana. Kling did not dispute this evidence before the district court, and he does not now on appeal either. Instead, Kling argues that it is improper to consider any evidence outside the pleadings at the Rule 12 stage. So long as a plaintiff has pleaded a justiciable remedy, there can be no question of the court's subject matter jurisdiction until summary judgment.

Kling's broadside ignores the ample precedent in this circuit and others supporting factual attacks via Rule 12(b). *See, e.g.*, *Ramming*, 281 F.3d at 161; *Paterson*, 644 F.2d at 523 ("Our court, others, and textwriters have dealt with this subject."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (3d ed.) ("There is little difficulty in allowing these motions in conjunction with the defenses enumerated in Federal Rules 12(b)(1) to 12(b)(5), and many cases have so held."). Thus, we conclude that the district court committed no legal error in considering the Commissioner's extra-pleadings evidence in this factual attack on its subject matter jurisdiction.

Without any dispute from Kling or evidence submitted in rebuttal, we cannot say the district court clearly erred in its jurisdictional fact finding. The record, which on this motion consisted entirely of the Commissioner's evidence, showed that Kling's former position no longer existed, that he was not qualified to hold a comparable law enforcement position, and that he was no longer a Louisiana resident. And based on these facts, the district court committed no error in concluding that it lacked the power to reinstate Kling. Precedent supports the conclusion that a court cannot order reinstatement to a position that no longer exists, *Anderson*, 913 F.3d at 479, nor to a comparable position when the plaintiff lacks a necessary qualification, *Kraemer v. Franklin & Marshall Coll.*, 941 F. Supp. 479, 485 (E.D. Pa. 1996); *cf.*

No. 21-30658

*Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 257 (5th Cir. 1996) (affirming reinstatement to different registered nurse position because plaintiff was qualified). Courts have also recognized that a plaintiff's move out-of-state can impact the feasibility of reinstatement as a remedy. *See E.E.O.C. v. Gen. Lines, Inc.*, 865 F.2d 1555, 1561 (10th Cir. 1989) (reinstatement not feasible when plaintiff lives in another state). We thus find no error in the district court's dismissal of Kling's claims against the Commissioner.[2]

## B. Prescription

Section 1983 claims brought in Louisiana generally borrow the state's one-year prescriptive period for delictual actions, as well as Louisiana's rules on interruption. *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). "To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). If there is no "clear and controlling precedent" from that court on a determinative question of law, then we may certify the question to the court. La. R.S. 13:72.1; La. Sup. Ct. R. XII § 1. However, "[a]s a general proposition we are chary about certifying questions of law absent a compelling reason to do so; the availability of certification is such an important resource to this court that we will not risk its continued availability by going to that well too often." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997). We have decided before when "intermediate

---

[2] In his reply brief, Kling argues that whether reinstatement is feasible is too deeply intertwined with the merits of his action for it to be settled on a 12(b)(1) factual attack. Kling is right that where the jurisdictional question is sufficiently intertwined with the merits, determination at the 12(b)(1) stage is inappropriate. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–12 (2006). But Kling failed to raise this argument in his opening brief, so the defendants did not address it in their reply. We therefore treat the argument as waived and do not consider it here. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("[Kling] has waived this argument by failing to raise it in its opening brief.").

Louisiana appellate court decisions cast some doubt on how the Louisiana Supreme Court would resolve this issue" that the imposition of certification was warranted. *Grubbs v. Gulf Int'l Marine, Inc.*, 985 F.2d 762, 763 (5th Cir. 1993).

Kling was fired on March 30, 2011. But he did not file his federal complaint or assert a federal cause of action until October 3, 2019, more than eight years after the accrual of his First Amendment retaliation claim. Kling argues that his action in state court, whose certiorari application was still pending before the Louisiana Supreme Court when Kling initiated his federal action, interrupted prescription on his federal claim even though that state action never asserted a First Amendment claim. This is so, says Kling, because under Louisiana law filing a lawsuit interrupts prescription as to any other lawsuit based on the same "cause of action," and "cause of action" is peculiarly defined in Louisiana as "the operative facts at issue," as opposed to a claim for legal relief that one may make from those facts. Therefore, even though Kling's state action did not assert any federal claims, its filing interrupted prescription on Kling's First Amendment claim because the state lawsuit and federal lawsuit allege identical facts or the same "cause of action."

Kling attributes his definition of "cause of action," and thereby also the major premise of his argument, to *Ramey v. DeCaire*, 869 So. 2d 114, 118 (La. 2004). But that case does not even define "cause of action." Rather, it defines the peremptory exception of no cause of action, a pleadings-stage challenge to the legal sufficiency of a plaintiff's petition. *See id.* ("A cause of action, *when used in the context of the peremptory exception*, is defined as . . .") (emphasis added). Nonetheless, though Kling's argument fails to persuade, his contention that his pending state action interrupted prescription as to his federal claim is not without merit.

As the district court here noted, this issue Kling presents is "not a novel one." Every federal district court in Louisiana, as well as our court in an unpublished opinion, has held that a pending state action does not interrupt prescription as to unasserted federal causes of action. *See Joseph v. City of New Orleans*, 122 F.3d 1067 (5th Cir. 1997) (unpublished); *Ford v. Stone*, 599 F. Supp. 693, 695–96 (M.D. La. 1984), *aff'd*, 774 F.2d 1158 (5th Cir. 1985); *Vincent v. Munster*, No. 17-1129, 2018 WL 1875851, at *2 (E.D. La. Apr. 19, 2018); *Giles v. Ackal*, No. 6:11-1774, 2012 WL 1458117, at *3 (W.D. La. Mar. 27, 2012), *report and recommendation adopted*, 2012 WL 1458110 (W.D. La. Apr. 26, 2012). However, Louisiana's courts have been less uniform in their decisions. In *Velazquez v. Landcoast Insulation, Inc.*, 999 So. 2d 318, 322–23 (La. App. 3 Cir. 2008), the Louisiana Third Circuit held that the filing of a federal action interrupted prescription as to unasserted, and substantively different state law claims. Without defining "cause of action," the court stated that the federal complaint "interrupted prescription against all the claims arising out of the cause of action described in it." *Id.* at 323; *see also id.* ("Prescriptive statutes are construed liberally, in favor of the obligation sought to be extinguished."); *Taylor v. Liberty Mut. Ins. Co.*, 579 So. 2d 443, 445 (La. 1991) ("Prescription is interrupted when the obligee commences action against the obligor, in a court of competent jurisdiction and venue . . . . [S]uch a suit has the same interruptive effect whether it is filed in a federal, Louisiana, or another state's forum."). But in *Illes v. State ex rel. Division of Administration*, 168 So. 3d 646, 648–49 (La. App. 1 Cir. 2014), the Louisiana First Circuit held that a claim for damages and a claim for loss of consortium, though both arising from the same act of negligence, were separate and different causes of action and interruption did not run between them. *See also Cook v. La. Dep't of Public Safety & Corr.*, 267 So. 3d 1175, 1177 (La. App. 1 Cir. 2018) (dismissing an inmate's state tort petition

as prescribed without interruption despite his federal action asserting the same facts).

Conflicting intermediate appellate court decisions would not preclude our making an *Erie* guess if we found the Louisiana Supreme Court to have spoken clearly on the issue. *In re Katrina Canal Breaches Litig.,* 495 F.3d at 206. But the court has never precisely said if, or when, asserting one cause of action interrupts prescription as to another. In its broadest statements on the matter, the court has declared that "[a] petition's cause of action is irrelevant to interruption of prescription." *Montiville v. City of Westwego*, 592 So. 2d 390, 391 (La. 1992) (citing *Batson v. Cherokee Beach & Campgrounds*, 530 So.2d 1128 (La.1988)); *see Batson*, 530 So. 2d at 1130 ("Whether a pleading sets forth a cause of action is irrelevant to the issue of interruption of prescription. A civil action is commenced by the filing of a pleading presenting the demand. Therefore, if what is filed can be classified as a 'pleading presenting the demand,' prescription will be interrupted whether or not the original pleading sets forth a cause of action.") (cleaned up).

But in other cases, the court has held that "when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action." *Louviere v. Shell Oil Co.*, 440 So. 2d 93, 96 (La. 1983); *see also Guidry v. Theriot*, 377 So. 2d 319, 326 (La. 1979); *Nini v. Sanford Bros.*, 276 So. 2d 262, 264–65 (La. 1973) ("In Louisiana, the essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based *on the claim involved.*") (emphasis added). And in another instance, the court appears to have taken an intermediate view, requiring that the two causes of action share both common factual bases and common legal elements in order for interruption to run as to both. *See Parker v. S. Am. Ins. Co.*, 590 So. 2d 55, 56 (La. 1991).

No. 21-30658

We note finally that the Code, which is primary law in Louisiana, is silent as to this particular aspect of interruption's scope. *See* La. Civ. Code art. 3462.

In sum, we find there is both a lack of clear controlling precedent and, given the frequency with which the issue is litigated in both federal and Louisiana courts, reason to impose our request for guidance upon the Louisiana Supreme Court.

## IV.    Question Certified

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII, LOUISIANA SUPREME COURT RULES.

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

### A. Style of the Case

The style of the case in which this certification is made is *Randall Kling v. Troy Hebert; Ernest P. Legier, Jr., in his official capacity as Commissioner of the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue*, No. 21-30658, in the United States Court of Appeals for the Fifth Circuit. The case is on appeal from the United States District Court for the Middle District of Louisiana.

### B. Statement of the Facts

The statement of facts, showing the nature of the cause and the circumstances out of which the question or proposition of law arises, is provided above.

No. 21-30658

### C. Question of Law to be Answered

We certify the following question to the Louisiana Supreme Court:

In Louisiana, under what circumstances, if any, does the commencement of a suit in a court of competent jurisdiction and venue interrupt prescription as to causes of action, understood as legal claims rather than the facts giving rise to them, not asserted in that suit?

### V. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Kling's claims against the Commissioner as barred by sovereign immunity. As to whether prescription on Kling's individual capacity claims against Hebert was interrupted, we CERTIFY the question to the Louisiana Supreme Court. We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question we certify. We transfer to the Supreme Court of Louisiana the record and appellate briefs in this case with our certification. This panel retains cognizance of this appeal pending response from the Supreme Court of Louisiana.