# United States Court of Appeals for the Fifth Circuit

---

No. 22-30720
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2023

Lyle W. Cayce
Clerk

DEBORAH B. WEISER,

*Plaintiff—Appellant*,

*versus*

ELIZABETH W. CASTILLE, *personally*; HOWARD A. WEISER, JR., *personally*; STEPHEN D. ENRIGHT, *Judge, officially*; STEPHEN C. GREFER, *Judge, officially*; GRETNA CITY; BELINDA C. CONSTANT, MAYOR, *officially and personally*; DANIKA GORRONDONA, *officially and personally*; RONALD W. MORRISON, JR., *personally*; MORRISON LAW GROUP, P.L.C., *officially*; GORDON R. KONRAD, *personally*; KONRAD LAW FIRM, L.L.C., *officially*; DAVID H. ALFORTISH, *personally*; LAW OFFICE OF DAVID H. ALFORTISH, L.L.C., *officially*; MICHAEL ROSENBLATT, *personally*; LAW OFFICE OF MICHAEL ROSENBLATT, L.L.C., *officially*; 21ST MORTGAGE CORPORATION; IBERIA BANK; MARK MORGAN, *officially and personally*; FIRST HORIZON BANK, *successor by merger to Iberia Bank*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2043

---

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

No. 22-30720

Per Curiam:[*]

This pro se appeal arises from Deborah B. Weiser's ("Deborah") challenge to the district court's dismissal of her claims on the basis of qualified and judicial immunity and lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1] Because Deborah fails to demonstrate jurisdiction over these claims and overcome qualified and judicial immunity, we AFFIRM.

## I. Background

### A. Factual History

Deborah and her late husband Howard A. Weiser Sr. ("Howard Sr.") were married in the state of Louisiana from February 2004 until Howard Sr.'s death in May 2018. During their marriage, the couple allegedly acquired community property, owned and operated rental apartment units at 1544 Claire Avenue, rented three mobile home trailer units and a washeteria at 1518 Claire Avenue, and contracted a lawncare maintenance business with the City of Gretna ("the City"). The companies operated under Howard A. Weiser, L.L.C. Deborah was the registered agent and manager of the businesses for the duration of the marriage, "with the exception of a temporary separation period due to infidelity." She alleges that their businesses generated gross revenues totaling $8,450 per month.

Deborah further alleges that in July 2014, Defendant-Appellee Elizabeth W. Castille ("Castille"), Howard Sr.'s daughter, began exploiting her father's "limited reading capacity and capitalized on his lack of educational achievements" to "manipulat[e] and maneuver[]" her father to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

No. 22-30720

divorce Deborah and transfer his estate to Castille. Her alleged efforts were successful as Howard Sr. filed for divorce in the 24th Judicial District Court in Jefferson Parish with Defendant-Appellee Judge Stephen D. Enright, Jr. presiding, and later transferred his estate to Castille.

### B. *Procedural History*

Deborah filed an action in district court against roughly twenty named defendants including Castille, Howard Jr., certain financial institutions, attorneys involved in the state court litigation, judges who presided over her state court cases, the City, and city officials in their individual and official capacities. Her voluminous amended complaint included fifteen various state and federal claims.[2] She alleged that the defendants individually and collaboratively violated her state and federal rights in the underlying proceedings. Specifically, she asserted that these actors used fraudulent documents, statements, omissions, and actions in furtherance of a fraudulent scheme to have Howard Sr. divorce her and effectively oust her out of the property and its earnings. She also averred that, but for the fraud, legal error, and racial discrimination, she would have won all of her cases in state court.

The district court first granted Judges Enright and Grefer's Rule 12(b)(1) motions to dismiss for lack of jurisdiction. It later granted Rule 12(b)(6) motions to dismiss for failure to state a claim for the Morrison Law

---

[2] Deborah's complaint included federal claims under: (1.) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act); (2.) the First and Fourteenth Amendments to the United States Constitution; (3.) Louisiana Constitution Article I §§ 2 and 3; (4.) the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 1985, and 1986; and (5.) the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt Collection Act, 15 U.S.C. § 1692. Her complaint also included pendent state law claims under: (1.) Louisiana Code of Civil Procedure article 863; (2.) Louisiana Civil Code articles 2298, 2315, 2316; (3.) intentional negligence; (4.) intentional infliction of emotional distress; (5.) conversion; (6.) mental anguish; (7.) tortious interference with contract; (8.) breach of contract; (9.) violations of the professional code of conduct; and (10.) the Louisiana Tort Claims Act.

No. 22-30720

Group, P.L.C. and Ronald W. Morrison, Jr. In a separate order it granted Rule 12(b)(1) motions to dismiss for lack of jurisdiction for the Konrad Law Firm, LLC, Gordon R. Konrad, and the First Horizon Bank.[3]

The district court then granted Castille and Howard Jr.'s motion to dismiss all claims against them for lack of jurisdiction.  It later dismissed all of Deborah's claims against Michael Rosenblatt, the Law Office of Michael Rosenblatt, L.L.C., the Law Office of David H. Alfortish, L.L.C., and David H. Alfortish, on grounds that Deborah failed to timely serve notice of the lawsuit to these defendants for nearly a year. Finally, on October 14, 2022, it entered a final judgment granting the City and city officials' motion for summary judgment on qualified immunity and dismissed all claims against the remaining defendants for lack of jurisdiction. Deborah timely appealed.

## II.  Discussion

### A. *Subject Matter Jurisdiction*

#### i. *Standard of Review*

We review de novo the district court's order granting Appellees' motions to dismiss under Rules 12(b)(1) and 12(b)(6). *See Kling v. Hebert*, 60 F.4th 281, 283–84 (5th Cir. 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "In a 12(b)(1) factual attack, the district court's resolution of disputed jurisdictional facts is reviewed for clear error." *Id.* (citing *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020)).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*,

---

[3] First Horizon Bank is the successor by merger to Iberia Bank which was the originally named defendant in the state court proceedings.

281 F.3d at 161. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* at 161; *see also Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

### ii.  Analysis

Deborah argues that the state court judgments are the result of constitutional violations and misinterpretation of state law, and but for these errors she would have prevailed in state court and gained ownership of the property at issue. But as the district court correctly held, the only way Deborah's ownership to the property could change "would be a reversal of the state court judgment in [Castille's] favor." *Weiser v. Castille*, No. 20-2043, 2022 WL 9349749, at *3 (E.D. La. Oct. 14, 2022). Thus, a jurisdictional bar prohibits us from evaluating the merits of her claim.

The *Rooker-Feldman* doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (holding that federal courts are barred from ruling on claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). In other words, "federal district courts lack subject matter jurisdiction to consider cases where: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries were caused by the state court judgment; (3) plaintiff's claims invite the federal court to review and reject the state court judgment; and (4) the state court judgment was rendered before plaintiff filed proceedings in federal district court." *Tomasella on Behalf of Est. of Tomasella v. Kaufman Cnty. Child Support*, No. 22-10760, 2022 WL 17752124, at *2 (5th Cir. Dec. 19, 2022) (per curiam) (unpublished). Additionally, the doctrine "prohibits

federal court review of claims that are inextricably intertwined with a state court decision." *Id.* (internal quotation omitted). We have explained that issues are "inextricably intertwined . . . when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

Deborah asserts that by dismissing her claims the district court "committed manifest constitutional and manifest error in its statutory interpretation and application of the law." She contends that this manifest error resulted in the violation of her Seventh Amendment right to a jury trial and violation of her Ninth Amendment right to protection from "state actors and private entities and individuals" who abused state statutes to strip her of "her money and immovable property[.]" All of her arguments and claims to relief, however, share a common and fatal theme—they ask us to review her state court proceedings and evaluate whether that court properly applied state law when deciding that she had no rights to the contested property. But as stated, the *Rooker-Feldman* doctrine prohibits us from reviewing those state court decisions. *Union Planters Bank*, 369 F.3d at 457. Accordingly, because Deborah's theory of federal jurisdiction is "inextricably intertwined" with a challenged state court judgment, she has failed to meet her burden under Rules 12(b)(6) and 12(b)(1). *See Richard*, 355 F.3d at 351. We therefore affirm the district court's dismissal of her claims against each defendant.

## B. *Qualified Immunity*

Deborah dedicates a significant portion of her brief to arguing that the district court "abused its discretion and was bias and prejudice" in granting the City's motion for summary judgment as to her equal protection and due process claims after determining that it was entitled to immunity. The district

court explained that its decision was based on Deborah's lack of evidentiary support to overcome the City's affirmative defense of qualified immunity. *See Weiser v. Castille*, No. 20-2043, 2022 WL 9349749, at *4–8 (E.D. La. Oct. 14, 2022).

### i.  Standard of Review

"A motion to dismiss granted on the basis of qualified immunity is reviewed de novo." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 413 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 60, 60 (2022).  Therefore, we accept all well-pleaded facts as true and draw all inferences in favor of the plaintiff.  *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "Conclusional allegations, naked assertions, and formulaic recitations of the elements of a cause of action will not do." *Id.* (internal citation omitted).

### ii.  Analysis

To overcome qualified immunity, Deborah is required to demonstrate that: (1) the city officials violated one of her statutory or constitutional rights; and (2) the right was "clearly established" at the time of the challenged conduct. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [s]he has alleged and that defeat a qualified immunity defense with equal specificity."). The district court granted qualified immunity to the city officials because Deborah failed to plead specific facts or proffer any evidence to demonstrate the existence of an equal protection or due process violation.

Although Deborah challenges the district court's order of dismissal and its summary judgment in favor of defendants, she does not oppose the grant of qualified immunity to the City and city officials. In fact, Deborah's

brief is silent on the issue of qualified immunity altogether, thus her claim is waived. *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) (holding that claims not briefed are waived). Therefore, we affirm the district court's judgment granting summary judgment in favor of these defendants on the basis of qualified immunity and lack of jurisdiction.

### C. Judicial Immunity

Finally, Deborah challenges the district court's decision regarding judicial immunity. She argues that the district court erred in dismissing her suit against the judges because she "sought injunctive relief against state [j]udges in their official and individual capacities, and not against the state itself." We disagree.

A judge generally has absolute immunity from suits. "There are only two circumstances under which judicial immunity may be overcome. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.'" *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). "Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Id.*

Deborah avers that because her claims are not against the State but instead against state judicial officials, the district court's denial of her request for injunctive relief and its grant of immunity was in error. But her argument does not assert that the judges engaged in nonjudicial action or that they lacked jurisdiction in rendering their decisions. Thus, under this court's jurisprudence, she has failed to overcome their judicial immunity. *Id.* Accordingly, we affirm the district court's judgment dismissing Judges Enright and Grefer.

No. 22-30720

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment in all respects.