# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2024

Lyle W. Cayce
Clerk

No. 21-30658

RANDALL KLING,

*Plaintiff—Appellant*,

*versus*

TROY HEBERT; ERNEST P. LEGIER, JR., *in his Official Capacity as the Commissioner of the Office of Alcohol and Tobacco Control of the Louisiana Department of Revenue*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-671

Before STEWART, DENNIS, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Following his success in state court on claims that he was fired in retaliation for exercising his state constitutional right to freedom of expression, Randall Kling filed a federal suit alleging the same set of facts but

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

asserting a First Amendment claim. In relevant part, the district court dismissed Kling's suit, finding that Kling's federal claim was prescribed. On appeal, Kling contended that his state lawsuit interrupted prescription on his federal claim because both rely on the same set of operative facts. Because there were no clear controlling precedents from the Louisiana Supreme Court as to whether prescription on Kling's federal claim was interrupted by his state action, we certified the following question to that court: "In Louisiana, under what circumstances, if any, does the commencement of a suit in a court of competent jurisdiction and venue interrupt prescription as to causes of action, understood as legal claims rather than the facts giving rise to them, not asserted in that suit?" *Kling v. Hebert*, 60 F.4th 281 (5th Cir. 2023).[1] The Louisiana Supreme Court issued a characteristically thorough opinion answering our certified question, which we do not attempt to recount here. *Kling v. Hebert*, 2023-00257 (La. 1/26/24), 378 So. 3d 54.

Due to this intervening clarification of Louisiana law, we opt to vacate the district court's order to the extent it dismissed Kling's federal claim as prescribed and we remand for its reconsideration in the first instance. *See, e.g.*, *Utah v. Su*, 109 F.4th 313, 319–20 (5th Cir. 2024) (explaining that the "modest and relatively uncontroversial practice" of remanding in light of changes in precedent reflects "two premises implicit in our legal system: first, that changes in precedent generally apply to cases pending on appeal; and second, that appellate courts generally sit as courts 'of review, not first view'"). Accordingly, we VACATE and REMAND for further proceedings not inconsistent with this opinion.

---

[1] In our certification order, we affirmed the district court's dismissal of Kling's official capacity claims as barred by sovereign immunity. That ruling remains unaffected by the instant order. *Kling*, 60 F.4th at 284–85.